JAMES P. CONNOR (D.C. Bar No. 98164)
  connorja@sec.gov
MICHAEL J. FRIEDMAN (N.Y. Bar No. 4297461)
  friedmanmi@sec.gov
100 F Street, N.E.
Washington, D.C. 20549
Telephone: (202) 551-7977

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRUECOIN LLC;<br><br>and<br><br>TRUSTTOKEN, INC.,<br><br>Defendants. | Case No. _____ |

**CONSENT OF DEFENDANT TRUECOIN LLC**

1. Defendant TrueCoin LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint except as to personal and subject matter jurisdiction, which Defendant admits, Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of

            Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act");

(b)    permanently restrains and enjoins Defendant from violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    any investment in or offering of securities,

    (B)    the registration status of such offering of such securities,

    (C)    the prospects for success of any product or company,

    (D)    the use of investor funds, or

    (E)    the misappropriation of investor funds or investment proceeds;

(c)    permanently restrains and enjoins Defendant from, directly or indirectly, including, but not limited to, through any entity owned or controlled by the Defendant, participating in the issuance, purchase, offer, or sale of any securities;

(d)    orders Defendant to pay disgorgement in the amount of $340,930, plus prejudgment interest thereon in the amount of $31,538; and

(e)    orders Defendant to pay a civil penalty in the amount of $163,766 under Section 20(b) of the Securities Act.

3.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that

Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this

1 proceeding, including the imposition of any remedy or civil penalty herein. Defendant further
2 acknowledges that the Court's entry of a permanent injunction may have collateral
3 consequences under federal or state law and the rules and regulations of self-regulatory
4 organizations, licensing boards, and other regulatory organizations. Such collateral
5 consequences include, but are not limited to, a statutory disqualification with respect to
6 membership or participation in, or association with a member of, a self-regulatory
7 organization. This statutory disqualification has consequences that are separate from any
8 sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding
9 before the Commission based on the entry of the injunction in this action, Defendant
10 understands that it shall not be permitted to contest the factual allegations of the complaint in
11 this action.

12   11.   Defendant understands and agrees to comply with the terms of 17 C.F.R.
13 § 202.5(e), which provides in part that it is the Commission's policy "not to permit a
14 defendant or respondent to consent to a judgment or order that imposes a sanction while
15 denying the allegations in the complaint or order for proceedings," and "a refusal to admit the
16 allegations is equivalent to a denial, unless the defendant or respondent states that he neither
17 admits nor denies the allegations." As part of Defendant's agreement to comply with the
18 terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be
19 made any public statement denying, directly or indirectly, any allegation in the complaint or
20 creating the impression that the complaint is without factual basis; (ii) will not make or permit
21 to be made any public statement to the effect that Defendant does not admit the allegations of
22 the complaint, or that this Consent contains no admission of the allegations, without also
23 stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent,
24 Defendant hereby withdraws any papers filed in this action to the extent that they deny any
25 allegation in the complaint. If Defendant breaches this agreement, the Commission may
26 petition the Court to vacate the Final Judgment and restore this action to its active docket.
27 Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take
28 legal or factual positions in litigation or other legal proceedings in which the Commission is

1  not a party.

2      12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

    13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

    14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: September 17, 2024

                                   TrueCoin LLC

                                   By: Christian Boehnke de Lorraine-Elbeuf
                                   a.k.a. Alex de Lorraine, President

    On September 17, 2024, Christian Boehnke de Lorraine-Elbeuf a.k.a. Alex de Lorraine, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of TrueCoin as its President.

                                   Notary Public
                                   Commission expires

Approved as to form:

                                   KEN J. BYRNE
James Kramer                     Notary Public & Commissioner for Oaths
Orrick, Herrington & Sutcliffe LLP    COMMISSIONED FOR LIFE
The Orrick Building             Main Street, Blackrock,
405 Howard Street              Co. Dublin, Ireland.
San Francisco, CA 94105-2669     Tel. 00353857857112
(415) 773-5923
Attorney for Defendant