JAMES P. CONNOR (D.C. Bar No. 98164)
  connorja@sec.gov
MICHAEL J. FRIEDMAN (N.Y. Bar No. 4297461)
  friedmanmi@sec.gov
100 F Street, N.E.
Washington, D.C. 20549
Telephone: (202) 551-7977

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>       v.<br><br>TRUECOIN LLC;<br><br>and<br><br>TRUSTTOKEN, INC.,<br><br>             Defendants. | Case No. _____<br><br>**[PROPOSED] FINAL JUDGMENT AS TO TRUSTTOKEN, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant TrustToken, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and

17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and 15 U.S.C. § 77q(a)(3) ] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    any investment in or offering of securities,

    (B)    the registration status of such offering of such securities,

    (C)    the prospects for success of any product or company,

    (D)    the use of investor funds, or

    (E)    the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and 15 U.S.C. § 77e(c)] by, directly or indirectly, in the

absence of any applicable exemption:

     (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

     (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

     (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to,

1   through any entity owned or controlled by Defendant, participating in the issuance, purchase,

2   offer, or sale of any securities.

3        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

4   Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

5   who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

6   Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in

7   active concert or participation with Defendant or with anyone described in (a).

8                 IV.

9        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall

10   pay a civil penalty in the amount of $163,766 to the Securities and Exchange Commission

11   pursuant to Section 20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)].  Defendant shall

12   make this payment pursuant to the terms of the payment schedule set forth in paragraph V

13   after entry of this Final Judgment.

14        Defendant may transmit payment electronically to the Commission, which will

15   provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made

16   directly from a bank account via Pay.gov through the SEC website at

17   http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

18   cashier's check, or United States postal money order payable to the Securities and Exchange

19   Commission, which shall be delivered or mailed to

20        Enterprise Services Center

21        Accounts Receivable Branch

22        6500 South MacArthur Boulevard

23        Oklahoma City, OK 73169

24   and shall be accompanied by a letter identifying the case title, civil action number, and name

25   of this Court; TrustToken, Inc. as a defendant in this action; and specifying that payment is

26   made pursuant to this Final Judgment.

27        Defendant shall simultaneously transmit photocopies of evidence of payment and case

28   identifying information to the Commission's counsel in this action.  By making this payment,

1  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no

2  part of the funds shall be returned to Defendant.  The Commission shall send the funds paid

3  pursuant to this Final Judgment to the United States Treasury.

4       The Commission may enforce the Court's judgment for penalties by the use of all

5  collection procedures authorized by law, including the Federal Debt Collection Procedures

6  Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court

7  orders issued in this action.

8                                    V.

9       TrustToken, Inc. shall pay the total of penalty due of $163,766 in three installments to

10  the Commission according to the following schedule:  (1) $54,589, within 30 days of entry of

11  this Final Judgment; (2) $54,589, within 60 days of entry of this Final Judgment, and (3)

12  $54,588, within 120 days of entry of this Final Judgment.  Payments shall be deemed made on

13  the date they are received by the Commission.  Prior to making the final payment set forth

14  herein, TrustToken, Inc. shall contact the staff of the Commission for the amount due for the

15  final payment.

16       If TrustToken, Inc. fails to make any payment by the date agreed and/or in the

17  amount agreed according to the schedule set forth above, all outstanding payments under this

18  Final Judgment, minus any payments made, shall become due and payable immediately at the

19  discretion of the staff of the Commission without further application to the Court.

20                                   VI.

21       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

22  incorporated herein with the same force and effect as if fully set forth herein, and that

23  Defendant shall comply with all of the undertakings and agreements set forth therein.

24

25

26

27

28

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____

UNITED STATES DISTRICT JUDGE