JAMES P. CONNOR (D.C. Bar No. 98164)
  connorja@sec.gov
MICHAEL J. FRIEDMAN (N.Y. Bar No. 4297461)
  friedmanmi@sec.gov
100 F Street, N.E.
Washington, D.C. 20549
Telephone: (202) 551-7977

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TRUECOIN LLC;

and

TRUSTTOKEN, INC.,

Defendants.

Case No. _____

**CONSENT OF DEFENDANT TRUSTTOKEN, INC.**

1.     Defendant TrustToken, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint except as to personal and subject matter jurisdiction, which Defendant admits, Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violations of

CONSENT OF DEFENDANT TRUSTTOKEN, INC.

1   Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act");

2       (b)    permanently restrains and enjoins Defendant from violations of

3   Sections 17(a)(2) and 17(a)(3) of the Securities Act by, directly or

4   indirectly, (i) creating a false appearance or otherwise deceiving any

5   person, or (ii) disseminating false or misleading documents, materials,

6   or information or making, either orally or in writing, any false or

7   misleading statement in any communication with any investor or

8   prospective investor, about:

9       (A)    any investment in or offering of securities,

10       (B)    the registration status of such offering of such securities,

11       (C)    the prospects for success of any product or company,

12       (D)    the use of investor funds, or

13       (E)    the misappropriation of investor funds or investment proceeds;

14       (c)    permanently restrains and enjoins Defendant from, directly or

15   indirectly, including, but not limited to, through any entity owned or

16   controlled by the Defendant, participating in the issuance, purchase,

17   offer, or sale of any securities; and

18       (d)    orders Defendant to pay a civil penalty in the amount of $163,766

19   under Section 20(b) of the Securities Act.

20       3.    Defendant agrees that it shall not seek or accept, directly or indirectly,

21   reimbursement or indemnification from any source, including but not limited to payment

22   made pursuant to any insurance policy, with regard to any civil penalty amounts that

23   Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

24   or any part thereof are added to a distribution fund or otherwise used for the benefit of

25   investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction

26   or tax credit with regard to any federal, state, or local tax for any penalty amounts that

27   Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts

28   or any part thereof are added to a distribution fund or otherwise used for the benefit of

1  investors.

2       4.      Defendant waives the entry of findings of fact and conclusions of law pursuant

3  to Rule 52 of the Federal Rules of Civil Procedure.

4       5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry

5  of the Final Judgment.

6       6.      Defendant enters into this Consent voluntarily and represents that no threats,

7  offers, promises, or inducements of any kind have been made by the Commission or any

8  member, officer, employee, agent, or representative of the Commission to induce Defendant

9  to enter into this Consent.

10       7.      Defendant agrees that this Consent shall be incorporated into the Final

11  Judgment with the same force and effect as if fully set forth therein.

12       8.      Defendant will not oppose the enforcement of the Final Judgment on the

13  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

14  Procedure, and hereby waives any objection based thereon.

15       9.      Defendant waives service of the Final Judgment and agrees that entry of the

16  Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to

17  Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the

18  Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court,

19  with an affidavit or declaration stating that Defendant has received and read a copy of the

20  Final Judgment.

21       10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims

22  asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise

23  or representation has been made by the Commission or any member, officer, employee, agent,

24  or representative of the Commission with regard to any criminal liability that may have arisen

25  or may arise from the facts underlying this action or immunity from any such criminal

26  liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this

27  proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further

28  acknowledges that the Court's entry of a permanent injunction may have collateral

CONSENT OF DEFENDANT TRUSTTOKEN, INC.    3

1  consequences under federal or state law and the rules and regulations of self-regulatory
2  organizations, licensing boards, and other regulatory organizations.  Such collateral
3  consequences include, but are not limited to, a statutory disqualification with respect to
4  membership or participation in, or association with a member of, a self-regulatory
5  organization.  This statutory disqualification has consequences that are separate from any
6  sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding
7  before the Commission based on the entry of the injunction in this action, Defendant
8  understands that it shall not be permitted to contest the factual allegations of the complaint in
9  this action.

10       11.    Defendant understands and agrees to comply with the terms of 17 C.F.R.
11  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a
12  defendant or respondent to consent to a judgment or order that imposes a sanction while
13  denying the allegations in the complaint or order for proceedings," and "a refusal to admit the
14  allegations is equivalent to a denial, unless the defendant or respondent states that he neither
15  admits nor denies the allegations."  As part of Defendant's agreement to comply with the
16  terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be
17  made any public statement denying, directly or indirectly, any allegation in the complaint or
18  creating the impression that the complaint is without factual basis; (ii) will not make or permit
19  to be made any public statement to the effect that Defendant does not admit the allegations of
20  the complaint, or that this Consent contains no admission of the allegations, without also
21  stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent,
22  Defendant hereby withdraws any papers filed in this action to the extent that they deny any
23  allegation in the complaint.  If Defendant breaches this agreement, the Commission may
24  petition the Court to vacate the Final Judgment and restore this action to its active docket.
25  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take
26  legal or factual positions in litigation or other legal proceedings in which the Commission is
27  not a party.

28       12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

CONSENT OF DEFENDANT TRUSTTOKEN, INC.     4

1   Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law

2   to seek from the United States, or any agency, or any official of the United States acting in his

3   or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

4   expenses, or costs expended by Defendant to defend against this action. For these purposes,

5   Defendant agrees that Defendant is not the prevailing party in this action since the parties

6   have reached a good faith settlement.

7        13.     Defendant agrees that the Commission may present the Final Judgment to the

8   Court for signature and entry without further notice.

9        14.     Defendant agrees that this Court shall retain jurisdiction over this matter for

10   the purpose of enforcing the terms of the Final Judgment.

11

12   Dated: September 17, 2024

13                                     TrustToken, Inc.

14                                     By: Christian Boehnke de Lorraine-Elbeuf
a.k.a. Alex de Lorraine, President

15

16        On September 17, 2024, Christian Boehnke de Lorraine-Elbeuf a.k.a. Alex de
Lorraine, a person known to me, personally appeared before me and acknowledged executing

17   the foregoing Consent with full authority to do so on behalf of TrustToken, Inc. as its
President.

18

19

20                                    Notary Public
Commission expires:

21

22                                **KEN J. BYRNE**
Notary Public & Commissioner for Oaths

23   Approved as to form:               COMMISSIONED FOR LIFE
Main Street, Blackrock,

24                               Co. Dublin, Ireland.
Tel. 00353857857112

25   James Kramer
Orrick, Herrington & Sutcliffe LLP

26   The Orrick Building
405 Howard Street

27   San Francisco, CA 94105-2669
(415) 773-5923

28   Attorney for Defendant

CONSENT OF DEFENDANT TRUSTTOKEN, INC.     5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28